IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JONATHAN FITZPATRICK KOEN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:25-CV-898-O |
| | § | (NO. 4:22-CR-373-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Jonathan Fitzpatrick Koen under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On February 22, 2023, Movant was named in a five-count second superseding indictment charging him in counts one through four with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and (e), and in count five with attempted obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and (j). CR ECF No.[1] 31. He was tried by a jury and found guilty on all counts. CR ECF No. 53. The Court sentenced Movant to a total term of imprisonment of 480 months. CR ECF No. 70. He appealed, CR ECF No. 73, and the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. Koen*, No. 23-

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:22-CR-373-O.

10717, 2024 WL 2816886 (5th Cir. June 3, 2024). The United States Supreme Court denied his petition for writ of certiorari. *Koen v. United States*, 145 S. Ct. 349 (2024).

## II. GROUNDS OF THE MOTION

Movant urges two grounds in support of his motion. First, counsel provided ineffective assistance in failing to subpoena the mother of the victim to testify. ECF No.[2] 1 at 4.[3] Second, the government engaged in prosecutorial misconduct in sequestering the mother of the victim during trial. *Id.* at 5.

## III. APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

    B.   **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, the movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

Movant alleges that he received ineffective assistance because his attorney did not subpoena the mother of his victim who had expressed a desire to testify. ECF No. 1 at 4. The decision whether to present a witness is essentially strategic and within trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). To prevail on a claim about uncalled witnesses, the movant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010). Movant makes no attempt to do so. The mother was listed on both the government and defense witness lists. CR ECF Nos. 42, 46. As the government explains, it appears that the testimony would have been duplicative and perhaps done more harm than good. ECF No. 6 at 5–6. Movant has made no showing to overcome the presumption that his counsel provided effective assistance.

In his second ground, Movant alleges that the government engaged in prosecutorial misconduct by sequestering the mother of the victim during the trial. ECF No. 1 at 5. His allegation is wholly conclusory and unsupported and fails to support any claim for relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). More importantly, the ground is procedurally defaulted as it was not raised on appeal and Movant has made no attempt to establish both cause and prejudice so as to be able to proceed here. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

4

appealability is **DENIED**.

    **SO ORDERED** on this **11th day** of **December, 2025**.

*[signature: Reed O'Connor]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**